UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                            Case No. 91-80936
                                                        Honorable Patrick J. Duggan

RONALD WINGO,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY HIS TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 10, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Pending before the Court is Defendant Ronald Wingo's *pro se* motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's recent amendment to the crack cocaine guidelines, filed February 21, 2008.[1] The Government filed a response to the motion on May 14, 2008.

---

[1] After Defendant filed his motion, the Court appointed counsel to represent him. Counsel filed a notice with the Court on April 9, 2008, stating that she reviewed Defendant's *pro se* motion and does not believe that supplementation of the petition is necessary. (Doc. 1119.) Defense counsel filed an amended notice on May 14, 2008, stating that she "does not believe that a hearing or supplementation of the petition is necessary because this is a heroin case and the defendant was sentenced to a mandatory minimum." (Doc. 1123.)

1

For the reasons that follow, the Court denies the motion.

On July 2, 1992, a jury convicted Defendant Ronald Wingo ("Defendant") of the following two counts: (1) conspiracy to possess with intent to distribute and distribution of cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count One"); and (2) abetting the distribution of a mixture containing detectable amounts of heroin, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C. § 2 ("Count Three"). On February 3, 1993, this Court sentenced Defendant to 240 months of imprisonment on each count, to run concurrently. The Court's sentence on Count One was based on the mandatory minimum under 21 U.S.C. § 841(b)(1) due to his prior felony drug convictions. (Pl.'s Resp. at ¶ 2; Doc. 728 at 3.) Defendant now asks the Court to reduce his sentence pursuant to the crack cocaine amendment to the United States Sentencing Guidelines.

18 U.S.C. § 3582(c) sets forth three limited circumstances where a district court is authorized to modify a defendant's sentence. One of those circumstances arises where the range for the offense of conviction has been retroactively lowered. *United States v Benjamin*, No 9702147, 1999 WL 685924, at *4 (6th Cir. 1999) (citing 18 U.S.C. § 3582(c)(2) (unpublished) (Attachment A). The Sentencing Commission has lowered the sentencing range for convictions involving crack cocaine. Nevertheless, the Commentary to the Guideline section for reductions in a sentence as a result of an amendment indicates that a reduction is inapplicable in the present case because Defendant was sentenced to a mandatory minimum term of imprisonment:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is

2

> triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, cmt. 1(A) (2008). The Court therefore concludes that Defendant is ineligible for relief as a result of the crack cocaine amendment.[2]

Accordingly,

**IT IS ORDERED**, that Defendant's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Ronald Wingo, #15455-039
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507

Stacey M. Studnicki, Esq.
AUSA Daniel R. Hurley

---

[2] Moreover, Defendant's original guideline range for Count I was based on heroin and powder cocaine, not crack cocaine, and Count III only involved heroin.